DECISION AND JUDGMENT ENTRY
{¶ 1} Jason A. Gibson appeals his conviction in the Municipal Court of Chillicothe for operating a motor vehicle while under the influence of alcohol ("OMVI") in violation of R.C. 4511.19(A)(8).[1] Gibson contends the trial court erred in denying his motion to suppress the results of an alcohol breath test. He argues that law enforcement's failure to retain a reading of a calibration test performed two days subsequent to his test indicating an invalid sample violated Ohio Adm. Code 3701-53-01, entitling him to suppression of the results derived from his alcohol breath test. Because we find that an invalid sample reading is not a "result" within the contemplation of the regulation, we hold that the trial court properly admitted the results of Gibson's alcohol breath test.
 {¶ 2} On April 11, 2004, Deputy Clark of the Ross County Sheriff's Department stopped a motor vehicle operated by Gibson after observing Gibson run off the right side of Pleasant Valley Road in Ross County, Ohio. Deputy Clark observed indicia of alcohol consumption by Gibson, and asked Gibson to submit to field sobriety testing.
 {¶ 3} After Gibson underwent field sobriety testing, Deputy Clark arrested him and transported him to the Ross County Law Enforcement Complex for a breath test. Gibson tested well above the legal limit on the breathalyzer machine. The state charged Gibson with OMVI in violation of R.C. 4511.19(A)(1) and (8).
 {¶ 4} Gibson filed a motion to suppress the results of his breath test, asserting that the state did not substantially comply with Department of Health ("DOH") regulations. The parties stipulated that in the first calibration check performed after Gibson's test, on April 13, 2004, the breathalyzer machine failed to register an accurate reading. The test reading for the failed calibration test was neither retained nor recorded in the log maintained for the breathalyzer machine. A subsequent calibration check using a new bottle of solution yielded an accurate test result.
 {¶ 5} The trial court found that the failure to preserve and record the reading of the failed calibration test constituted a de minimis
violation of the DOH regulations and denied Gibson's motion to suppress. Gibson entered a no contest plea to the R.C. 4511.19(A)(8) charge and the state dismissed the R.C. 4511.19(A)(1) charge. The court entered a judgment of conviction and sentence against Gibson on the R.C. 4511.19(A)(8) charge.
 {¶ 6} Gibson appeals, asserting the following assignment of error:
 {¶ 7} I. "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT BY FINDING THAT THE STATE HAD PROVEN SUBSTANTIAL COMPLIANCE WITH D.O.H. REGULATIONS, THE STATE HAVING CONCEDED THAT IT HAD NOT MAINTAINED A RECORD OF A FAILED CALIBRATION CHECK ON THE BREATH TESTING DEVICE WHICH HAD OCCURRED ON THE FIRST ATTEMPT TO CHECK THE CALIBRATION OF THE DEVICE SUBSEQUENT TO THE DEFENDANT'S BREATH TEST."
 {¶ 8} Our review of a decision on a motion to suppress presents mixed questions of law and fact.[2] At a suppression hearing, the trial court assumes the role of trier of fact, and, as such, is in the best position to resolve questions of fact and evaluate witness credibility.[3] A reviewing court must uphold a trial court's findings of fact if competent, credible evidence in the record supports them.[4] A reviewing court then conducts a de novo review of the trial court's application of the law to the facts of the case.[5]
 {¶ 9} The results of an alcohol content test administered pursuant to R.C. 4511.19 may be admitted into evidence upon a showing that the test was administered in accordance with DOH regulations.[6] The state need not prove strict or perfect compliance with DOH regulations.[7] The state must, however, prove "substantial compliance" with the regulations in order for the test results to be admissible.[8] Only errors that are clearly de minimis in nature are excusable.[9] Included in this definition of excusable errors are "minor procedural deviations."[10]
 {¶ 10} Gibson asserts that the trial court erred in denying his motion to suppress the results of his breath test because the law enforcement officer's failure to retain test result slip for the failed calibration violates Ohio Adm. Code 3701-53-01. Ohio Adm. Code 3701-53-01(A) provides, "The results of the tests [to determine the concentration of alcohol in a sample of an enumerated bodily substance] shall be retained for not less than three years." The code section does not, however, define "results of the tests." As such, we must employ the rules of statutory construction to determine the phrase's meaning.[11]
 {¶ 11} The principal goal of statutory construction is to determine and give effect to the legislature's intent in enacting the statute.[12]
In examining a statute, a court must first look to the statute's plain language and purpose.[13] The statute's words must be given their usual, normal, or customary meaning.[14] If the language appearing in a statute is clear and unambiguous, the statute must be applied as written.[15]
 {¶ 12} With regard to the meaning of "results" as it appears in Ohio Adm. Code 3701-53-01, paragraph (A)(2) states that results shall be expressed as equivalent to "[g]rams by weight of alcohol per two hundred ten liters of deep lung breath." Therefore, any results from tests based on deep lung breath must be measurements, in grams, expressing the amount of alcohol recorded per two hundred ten liters of breath. Here, the reading about which Gibson complains did not express the results in the manner prescribed by Ohio Adm. Code 3701-53-01(A)(2); as such, it does not qualify as a "result" within the plain meaning of the regulation. There was, therefore, no violation of the regulation triggering a need for suppression of the actual test results when the law enforcement official disposed of the initial failed reading.
 {¶ 13} To avoid this situation in the future, albeit cumbersome and conceivably voluminous, the better practice may be for law enforcement agencies administering such tests to retain all test readings for the three-year period described in Ohio Adm. Code 3701-53-01(A). As it currently stands, however, this conduct is not statutorily mandated.
 {¶ 14} There is, therefore, competent, credible evidence to support the trial court's decision to deny the motion to suppress. Additionally, the trial court's application of the law to the facts was devoid of error; the law enforcement conduct at issue in this appeal substantially complied with DOH regulations. The trial court's conviction of Appellant is, therefore, affirmed.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Chillicothe Municipal Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J.: Concurs in Judgment and Opinion. Kline, J.: Dissents.
[1] R.C. 4511.19 has been amended several times since Gibson's offense. We apply the version of R.C. 4511.19 that was in effect at the time of the offense. State v. Young, Ross App. No 04CA2765, 2004-Ohio-4730, at fn. 1.
[2] State v. McNamara (1997), 124 Ohio App.3d 706, 710, citingUnited States v. Martinez (C.A.11, 1992), 949 F.2d 1117, 1119.
[3] McNamara, 124 Ohio App.3d at 710, citing State v. Carter (1995),72 Ohio St.3d 545, 552, 651 N.E.2d 965.
[4] McNamara, 124 Ohio App.3d at 710, citing State v. Guysinger
(1993), 86 Ohio App.3d 592, 594, 621 N.E.2d 726.
[5] State v. Anderson (1995), 100 Ohio App.3d 688, 691,654 N.E.2d 1034.
[6] See Cincinnati v. Sand (1975), 43 Ohio St.2d 79, paragraph two of the syllabus.
[7] State v. Burnside (2003), 100 Ohio St.3d 152, 2003-Ohio-5372, at ¶ 27; see also State v. Plummer (1986), 22 Ohio St.3d 292, 294.
[8] See Burnside, 100 Ohio St.3d at ¶ 27; see also Plummer,22 Ohio St.3d at 294.
[9] Burnside, 100 Ohio St.3d at ¶ 34.
[10] Id., quoting State v. Homan (2000), 89 Ohio St.3d 421, 426,732 N.E.2d 952.
[11] See State v. Markin (2002), 149 Ohio App.3d 274, 2002-Ohio-4236, at ¶ 40, citing State ex rel. R. Bauer Sons Roofing Siding, Inc.v. Indus. Comm. (1998), 84 Ohio St.3d 62, 66, 701 N.E.2d 995, and Stateex rel. Miller Plumbing Co. v. Indus. Comm. (1948), 149 Ohio St. 493,496-97, 37 O.O. 197, 79 N.E.2d 553.
[12] See Markin, 149 Ohio App.3d at ¶ 41, citing Yonkings v.Wilkinson (1999), 86 Ohio St.3d 225, 227, 714 N.E.2d 394.
[13] Markin, Ohio App.3d at ¶ 41, citing State ex rel. Pennington v.Gundler (1996), 75 Ohio St.3d 171, 173, 661 N.E.2d 1049.
[14] Id.
[15] Id.