## The STATE of Ohio

v.

## REY.

2009-Ohio-4891.]

Licking County Municipal Court.

No. 09TRC01338.

Decided June 16, 2009.

Tricia M. Moore, Assistant Law Director, for plaintiff.

Todd A. Brininger, for defendant.

HIGGINS, Judge.

{¶ 1} This matter came on to be heard upon the defendant's motion to suppress the results of a blood-alcohol content ("BAC") datamaster test. The defendant, through counsel, has asked the court to suppress the results of the BAC datamaster test, which indicated that the defendant's breath sample, taken following his arrest for the offense of operating a vehicle while intoxicated, contained 220 grams of alcohol per 210 liters of breath.

2

{¶ 2} The sole issue before the court is whether the test result is valid, since it is uncontroverted that certain log records required to be maintained by the Ohio Department of Health for three years had been previously destroyed by a Licking County Sheriff's deputy, who as a senior operator was charged with maintaining records and performing calibration checks. To resolve this issue, the court must determine whether the missing records constitute a de minimis violation of Ohio Department of Health regulations, or whether the state substantially complied with those regulations by following the steps hereinafter mentioned.

{¶ 3} In December 2007, this court conducted a suppression hearing in *State v. Hatzimbes,* case No. 07TRC07470. In that case, the defendant was challenging the admission of his BAC datamaster test, which was in excess of .08 grams of alcohol per 210 liters of breath. There, a Licking County sheriff's deputy and senior operator of the department's BAC machine testified that on a number of occasions prior to that defendant's test, he had discarded calibration test result records that had indicated that the certified calibration did not test within the acceptable .005 limit established by Ohio Department of Health regulations. His procedure was to redo the test, and if the second test result was within acceptable limits, he would then record that result and discard the nonconforming result and not place it in the log. This court, in that case, suppressed the results of the BAC datamaster test due to the deputy's failure to substantially comply with Ohio Department of Health regulations.

{¶ 4} Thereafter, the Ohio Department of Health and the Licking County sheriff's office were notified of the faulty recordkeeping issue. According to the testimony of Dean Ward, Chief of the Ohio Department of Health Alcohol Testing Unit, the sheriff's office was instructed to take the machine out of service and return it to National Patent, the manufacturer. Ohio Department of Health records indicate that the machine was inspected and returned to the sheriff's office with some maintenance having been performed by the manufacturer. Thereafter, Ward told the sheriff's office and the Licking County prosecuting attorney's office that the machine could be placed back into service. Since that date, the Ohio Department of Health has inspected the machine on two separate occasions and has certified it for use on both.

{¶ 5} In the instant case, the defendant's argument for suppression is that the machine cannot be used for three years from the date of the missing records. He reasons that any use of the machine prior to the expiration of three years flies in the face of Ohio Department of Health regulations, which require all records to be maintained for a period of three years. Essentially, the defendant is saying that a regulation is a regulation and cannot be evaded by the very entity that makes the rule in the first place.

{¶ 6} Ohio Adm.Code 3701–53–04(E) states: "Results of instrument checks, calibration checks and records of service and repairs shall be retained in accordance with paragraph (A) of rule 3701–53–01 of the Administrative Code." Ohio Adm.Code 3701–53–01 states that the results of tests shall be retained for not less than three years.

{¶ 7} Confronted with a similar factual pattern, the Fourth District Court of Appeals ruled that calibration checks are not tests and accordingly, the disposal of records that seemingly would be required to be maintained in a log book did not violate the Ohio Administrative Code, because they were not "results" as the Court of Appeals chose to define that word. *State v. Gibson*, Ross App. No. 04CA2805, 2005-Ohio-5273, 2005 WL 2416370, at ¶ 1. However, it would seem from a review of the applicable law in this matter that most courts have ruled that BAC datamaster records must be maintained in a manner described by the Ohio Department of Health. See *Columbus v. Morrison*, 10th Dist. No. 08AP–311, 2008-Ohio-5257, 2008 WL 4518218, at ¶ 11 ("These administrative code sections require service records and results of breath tests, instrument checks, and calibration checks to be kept for at least three years"); *State v. Hominsky* (1995), 107 Ohio App.3d 787, 793, 669 N.E.2d 523 (Eleventh District holding that results of calibration tests performed on breath-testing instruments must be recorded and retained for three years even if instrument fails calibration test); and *State v. Griffith* (Sept. 21, 1988), Summit App. No. 13551, 1988 WL 102382, at *2 (Ninth District holding failure to record the results of all calibration tests, successful as well as unsuccessful, was grounds for suppressing results of a Breathalyzer test).

{¶ 8} Thus, the Ohio Supreme Court maintains that a "court infringes upon the authority of the Director of Health when it holds that the state need not do that which the Director has required." *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, at ¶ 33. But the court held in *Steele* that rigid compliance with the Department of Health regulations is not necessary for test results to be admissible. *State v. Steele* (1977), Ohio St.2d 187, 192, 6 O.O.3d 418, 370 N.E.2d 740. The court further recognized that "there is leeway for substantial, though not literal, compliance with such regulations." *State v. Plummer* (1986), 22 Ohio St.3d 292, 294, 22 OBR 461, 490 N.E.2d 902. However, *Burnside* later limited excusable deviations from the Department of Health regulations to those that are "clearly de minimis." *Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, at ¶ 34. The court defined de minimis departures from Department of Health regulations as "minor procedural deviations." *State v. Homan* (2000), 89 Ohio St.3d 421, 426, 732 N.E.2d 952. Thus, "if the state shows substantial compliance with the regulations, absent prejudice to the defendant,

4

alcohol-test results can be admitted in a prosecution under 4511.19." *State v. Householder*, 181 Ohio App.3d 269, 2009-Ohio-826, 908 N.E.2d 987, at ¶ 12.

{¶ 9} Accordingly, applying these standards, the municipal court had previously ruled that the test results should be suppressed, because there was no showing of substantial compliance with the Department of Health regulations, due to the fact that the three-year recordkeeping requirement had not been complied with. However, in the instant case, because of steps taken by the Licking County Sheriff and the Ohio Department of Health, the court holds the fact that certain records of past calibration failures are not in the log book can now be characterized as a "minor procedural deviation," as a result of the steps taken to correct the infirmities that previously had caused the court to suppress the results of the test. Moreover, there was no showing as required by the court's holding in *Burnside* that the defendant was prejudiced in any way by the missing calibration records. Thus, the evidence gained from the BAC datamaster test is admissible.

{¶ 10} The defendant's motion to suppress is hereby overruled, and the same is denied. This matter shall be set down for trial.[1]

So ordered.

---

1. Soon after receiving this judgment entry, the defendant changed his plea to guilty and was convicted and sentenced accordingly.