OPINION
{¶ 1} Defendant-appellant, Michael Crotty, appeals his conviction in the Warren County Court for driving under the influence of alcohol in violation of R.C. 4511.19(A)(6)[1] following the denial of his motion to suppress. We affirm the decision of the trial court.
 {¶ 2} On February 22, 2003, at approximately 1:10 a.m., Deputy Steve Bishop of the Warren County Sheriff's Office observed appellant drive a van left of center over the dividing double yellow lines several times in the span of approximately one mile while northbound on State Route 48 between U.S. 22 3 and Grandin Road in Hamilton Township. As appellant made a left turn from State Route 48 onto Grandin Road, the entire van initially entered into the left turn lane on Grandin rather than the proper lane of travel. Once appellant located the correct lane, he again crossed the double yellow line two more times on Grandin before Dep. Bishop initiated a traffic stop.
 {¶ 3} Upon approaching the van on foot, Dep. Bishop immediately detected an odor of alcohol coming from within the vehicle. Dep. Bishop asked for appellant's driver's license and proof of insurance as well as for the vehicle registration, then asked appellant to exit the van. Appellant was unsteady on his feet and placed his hand on the van to steady himself. Appellant admitted to consuming a couple of beers.
 {¶ 4} Appellant then agreed to Dep. Bishop's request to perform some field sobriety tests. Dep. Bishop began with the portable breath test, obtaining a reading of .155 of one gram of alcohol per two hundred ten liters of breath. The officer next had appellant perform the heel-to-toe walk and one-leg stand test. Dep. Bishop determined appellant performed unsatisfactorily on these tests and arrested him for DUI.
 {¶ 5} The officer transported appellant to a nearby Ohio State Highway Patrol post, where appellant agreed to take a breath test on a BAC Datamaster instrument. Appellant's reading was .194 of one gram of alcohol per two hundred ten liters of breath. Since this reading was above .17, the state charged appellant with R.C. 4511.19(A)(6). Appellant was also charged with a marked lanes violation pursuant to R.C. 4511.33.
 {¶ 6} Appellant filed a very broad motion to suppress challenging, inter alia, virtually every aspect of the field sobriety and breath tests. At the hearing on appellant's motion to suppress, the state presented as witnesses the arresting officer and the senior BAC Datamaster machine operator who conducted the breath test on appellant. After reviewing the evidence, the trial court overruled appellant's motion. Appellant subsequently pled no contest and was convicted of DUI pursuant to R.C. 4511.19(A)(6). The state dismissed the marked lanes violation.
 {¶ 7} On appeal, appellant raises one assignment of error as follows:
 {¶ 8} "The trial court erred as a matter of law by denying appellant's motion to suppress."
 {¶ 9} Within this assignment of error, appellant raises two issues for our review. First, appellant asserts the field sobriety tests were improperly done and should have been suppressed. Without the field sobriety tests, appellant believes there is insufficient probable cause to support his DUI arrest. Second, appellant asserts the state presented insufficient evidence that the breath test was properly done, requiring the trial court to suppress it.
 {¶ 10} An appellate court's review of a ruling on a motion to suppress presents a mixed question of law and fact. State v. Long (1998),127 Ohio App.3d 328, 332. When considering a motion to suppress, the trial court assumes the role of the trier of fact and is therefore in the best position to resolve factual questions and evaluate witness credibility. State v. Curry (1994), 95 Ohio App.3d 93, 96. As such, we accept the trial court's findings of fact so long as they are supported by competent, credible evidence. State v. Guysinger (1993),86 Ohio App.3d 592, 594. Then, the appellate court independently reviews without deference the trial court's legal conclusions based upon those facts and determines "whether as a matter of law, the facts meet the appropriate legal standard." Curry, 95 Ohio App.3d at 96.
 {¶ 11} Mindful of this standard of review, we turn to appellant's first issue regarding the field sobriety tests. At the time of appellant's DUI arrest in February 2003, the Ohio Supreme Court had held that "in order for the results of a field sobriety test to serve as evidence of probable cause to arrest, the police must have administered the test in strict compliance with the standardized testing procedures."State v. Homan, 89 Ohio St.3d 421, 2000-Ohio-212, at paragraph one of the syllabus.[2] Standardized testing procedures for field sobriety tests are established by the National Highway Traffic Safety Administration (NHTSA).
 {¶ 12} In his brief, appellant alleges several ways in which the arresting officer's testimony at the motion to suppress failed to demonstrate strict compliance with NHTSA requirements for conducting the heel-to-toe walk and one-leg stand test. We find an analysis of this testimony unnecessary since there is adequate probable cause to support the DUI arrest even without the field sobriety tests.
 {¶ 13} As described above, the arresting officer observed appellant's van cross left of the center double yellow line multiple times and make a flawed left turn. There was an odor of alcohol coming from within the van. Appellant was unsteady on his feet and put his hand on the van to steady himself. Appellant admitted consuming a couple of beers.
 {¶ 14} Probable cause exists when, at the time of the arrest, the facts and circumstances known by the officer and of which the officer had reasonably trustworthy information were sufficient to warrant a prudent person in believing that the accused had committed or was committing an offense. Beck v. Ohio (1964), 379 U.S. 89, 91; 85 S.Ct. 223, 225. A court makes this determination based on the totality of facts and circumstances surrounding the arrest. State v. Homan, 89 Ohio St.3d 421, 427,2000-Ohio-212. The totality of facts and circumstances can support a finding of probable cause to arrest for DUI even in the absence or exclusion of field sobriety tests. Id. Resolution of whether the facts establish sufficient probable cause to arrest is a question of law. Statev. Deters (1998), 128 Ohio App.3d 329, 333.
 {¶ 15} After review, we find that even were we to exclude the results of the field sobriety tests, the officer still had probable cause to arrest appellant for DUI. See State v. Klump (June 12, 2000), Brown App. No. CA2000-01-001. See, also, State v. Lamb, Union App. No. 14-03-30, 2003-Ohio-6997. Therefore, we find no prejudicial error by the trial court with regard to the field sobriety tests.
 {¶ 16} Appellant next challenges certain aspects of the breath test administered at the Ohio State Highway Patrol post. R.C. 4511.19(D) provides that bodily substances "shall be analyzed in accordance with methods approved by the director of health." These methods are described in Ohio Adm. Code Chapter 3701-53. The state need not prove strict compliance with the methods, but rather only substantial compliance for the breath test to be admissible. State v. Plummer (1986),22 Ohio St.3d 292.[3]
 {¶ 17} However, a motion to suppress is also subject to Crim.R. 47, which requires a motion to "state with particularity the grounds upon which it is made." In the context of a motion to suppress the breath test in a DUI case, the state's burden to demonstrate substantial compliance thus extends "only to the extent with which the defendant takes issue with the legality of the test." State v. Johnson (2000),137 Ohio App.3d 847, 851. See, also, State v. Plummer.
 {¶ 18} In this instance, the motion to suppress language is identical to that in State v. Nicholson, Warren CA2003-10-106, 2004-Ohio-6666. With regard to the breath test, the motion merely recites a laundry list of at least 18 proposed shortcomings by citing the applicable Ohio Administrative Code language and section number and alleging noncompliance with each of them. The motion contains no supporting factual basis.
 {¶ 19} In Nicholson, we recently found this language constitutes merely a general challenge requiring only a slight burden on the state to respond in kind. Id. at ¶ 11. "Unless a motion raises a specific requirement of a regulation in detail, the state is not required to present specific evidence in that issue, but only need present general testimony that there was compliance with the requirements of the regulation." Id. See, also, State v. Embry, Warren App. No. CA2003-11-110, 2004-Ohio-6324.
 {¶ 20} Appellant asserts the state presented no evidence allowing the trial court to find substantial compliance with Ohio Department of Health regulations concerning the radio frequency interference ("RFI") check pursuant to Ohio Adm. Code 3701-53-04(A).[4] At the hearing on the motion to suppress, the senior BAC Datamaster operator testified that "calibration tests" are performed on the machine every seven days, and that he personally conducted such tests on February 16 and 23, 2003. The state admitted into evidence the weekly BAC Datamaster instrument checklist forms for the entire month of February 2003, reflecting a passing RFI check for each week of the month.[5] Appellant did not cross-examine the senior operator about these documents, nor does appellant challenge their admissibility on appeal.
 {¶ 21} The trial court found this general response sufficient to show compliance with RFI regulations. After review, we find under these circumstances that this evidence met the necessary burden regarding RFI compliance. State v. Archer, Portage App. No. 2002-P-0053, 2003-Ohio-2233. See, also, State v. Reed, Van Wert App. No. 15-03-08, 2004-Ohio-393.
 {¶ 22} Appellant next asserts there is no evidence supporting the trial court's finding of substantial compliance with the requirement to keep records of BAC Datamaster instrument checks for three years pursuant to Ohio Adm. Code 3701-53-04(E).[6] At the hearing on the motion to suppress, the prosecutor did not ask any questions specific to record retention. However, the testimony does contain this exchange:
 {¶ 23} "Prosecutor: All right. Based upon records and the Department of Health regulations, was the machine in good working order on February 22, 2003?
 {¶ 24} "Senior Operator: Yes, it was."
 {¶ 25} In its decision, the trial court's only specific comment regarding the three-year record retention requirement was that appellant chose not to pursue this issue at the hearing on the motion to suppress. The trial court ultimately found substantial compliance with the breath test regulations generally and denied the motion.
 {¶ 26} Because of the very general nature of appellant's motion to suppress, specific evidence in response is not necessary, and general testimony of compliance is sufficient. See Nicholson. We further note that the purpose of the three-year record retention rule is not to be a meaningless hurdle for the state to jump. Rather, it is ultimately to ensure the machine was functioning properly on the date in question by providing a means of looking at the history of the machine. See State v.Morton (May 10, 1999), Warren App. No. CA98-10-131.
 {¶ 27} Here, the testimony regarding BAC Datamaster records went directly to the ultimate issue of the machine's reliability on the date in question. If appellant wished to raise a more specific challenge for the basis of this testimony, such as how retained records from the past three years supported it, he could have elected to do so on cross-examination. This in turn would have required a more specific response from the state. See State v. Murray, Greene App. No. 2002-CA-10, 2002-Ohio-4809, at ¶ 10. However, in this instance, appellant asked no questions on this issue during his very brief cross-examination of the senior operator.
 {¶ 28} After consideration, we find the state met its slight burden to make a general response regarding the record retention requirement. Therefore, we find no prejudicial error by the trial court with regard to its ruling on the breath test.
 {¶ 29} For the aforementioned reasons, we find the trial court did not err when it denied appellant's motion to suppress. We overrule appellant's assignment of error.
 {¶ 30} Judgment affirmed.
Powell, P.J., and Walsh, J., concur.
[1] At the time of the offense on February 22, 2003, R.C. 4511.19(A)(6) read as follows: "No person shall operate any vehicle * * * within this state, if any of the following apply: * * * The person has a concentration of seventeen-hundredths of one gram or more by weight of alcohol per two hundred ten liters of the person's breath."
[2] We note that Homan has since been legislatively overruled by Am.Sub.S.B. No. 163, effective April 9, 2003. See State v. Miracle,
Butler App. No. CA2003-11-275, 2004-Ohio-7137. As now written, R.C.4511.19(D)(4)(b) permits evidence of field sobriety test results "if it is shown by clear and convincing evidence that the officer administered the [field sobriety] test in substantial compliance with the testing standards."
[3] Once the state proves substantial compliance, the burden shifts to the defendant to prove prejudice by less than literal compliance.Plummer (1986), 22 Ohio St.3d 292.
[4] Ohio Adm. Code 3701-53-04(A)(1) reads as follows: "(A) A senior officer shall perform an instrument check on approved evidential breath testing instruments and a radio frequency interference (RFI) check no less frequently than once every seven days in accordance with the appropriate instrument checklist for the instrument being used. The instrument check may be performed anytime up to one hundred and ninety-two hours after the last instrument check. (1) The instrument shall be checked to detect RFI using a handheld radio normally used by the law enforcement agency. The RFI detector check is valid when the evidential breath testing instrument detects RFI or aborts a subject test. If the RFI detector check is not valid, the instrument shall not be used until the instrument is serviced."
[5] We note the state admitted a stack of documents collectively marked "State's exhibit A," rather than marking each document separately. The BAC Datamaster instrument check forms arrived to this court in this stack, and we therefore assume they were among the admitted exhibits.
[6] Ohio Adm. Code 37-1-53-04(E) reads as follows: "Results of instrument checks, calibration checks and records of service and repairs shall be retained in accordance with paragraph (A) of rule 3701-53-01 of the Administrative Code." Ohio Adm. Code 3701-53-01(A) requires the results of breath tests to be retained for not less than three years.