OPINION
{¶ 1} Defendant-appellant, Jodi R. Morrison, appeals from a judgment of conviction and sentence entered by the Franklin County Municipal Court. Because the trial court did not err in denying appellant's motion to suppress, we affirm that judgment.
 {¶ 2} On the morning of October 17, 2007, a Columbus police officer stopped appellant for operating a vehicle under the influence in violation of Columbus City Code 2133.01. The officer took her to the Upper Arlington Police Department, where appellant submitted to a breath test for alcohol. The test result indicated that appellant had a *Page 2 
breath-alcohol content of 0.202, above the prohibited limit. Thereafter, appellant was charged with operating a vehicle under the influence.
 {¶ 3} Appellant filed a motion to suppress the result of her breath test, claiming that the test "was not conducted in compliance with Ohio Administrative Code Sections 3701-53-02, 3701-53-04, 3701-53-07, and3701-53-08." The trial court held a hearing on appellant's motion. At the beginning of the hearing, appellant stipulated to the pre and post calibration instrument checks, the batch certificate for the solution used in this case, all evidence tickets relating to pre and post calibration checks, the senior operator's permit and operator permit applicable to this case, the subject test and evidence tickets in this case, the NHTSA manual and training for field sobriety testing for the arresting officer. Although appellant's motion to suppress referenced a number of Ohio Administrative Code provisions, her argument at the hearing focused on whether the City maintained testing, use, and repair records for the machine in question as required by Ohio Adm. Code 701-53-04(E). This provision provides that "[r]esults of instrument checks, calibration checks and records of service and repairs shall be retained in accordance with paragraph (A) of rule 3701-53-01 of the Administrative Code." In turn, Ohio Adm. Code 3701-53-01(A) requires that "[t]he results of the tests shall be retained for not less than three years."
 {¶ 4} Columbus Police Officer Joel White was the only witness to testify regarding the city's compliance with these provisions. Officer White was responsible for the calibration and record keeping for the Columbus Police Department's breath testing machines. One of those breath testing machines was located at the Upper Arlington Police Department. This was the machine used to test appellant's breath for alcohol. *Page 3 
Officer White testified about tests he performed on that machine and his obligation to keep records for the machine. He further testified that based on his calibration checks, the machine in question was working properly.
 {¶ 5} The trial court denied appellant's motion, determining that Officer White's testimony sufficiently showed substantial compliance with the relevant Ohio Department of Health regulations. Appellant subsequently entered a no contest plea to one count of operating a vehicle under the influence. The trial court accepted appellant's plea, found her guilty, and sentenced her accordingly.
 {¶ 6} Appellant now appeals and assigns the following error:
 THE TRIAL COURT ERRED WHEN IT OVERRULED APPELLANT'S MOTION TO SUPPRESS EVIDENCE OF A CHEMICAL TEST OF HER BREATH.
 {¶ 7} Appellant appeals the trial court's denial of her motion to suppress. An appellate court's review of a ruling on a motion to suppress presents a mixed question of law and fact. State v. Long
(1998), 127 Ohio App.3d 328, 332. When considering a motion to suppress, the trial court assumes the role of the trier of fact and, is therefore, in the best position to resolve factual questions and evaluate witness credibility. State v. Curry (1994), 95 Ohio App.3d 93, 96. As such, we accept the trial court's findings of fact so long as they are supported by competent, credible evidence. State v. Guysinger (1993),86 Ohio App.3d 592, 594. However, an appellate court independently reviews the trial court's legal conclusions based on those facts and determines, without deference to the trial court's decision, "whether as a matter of law, the facts meet the appropriate legal standard." Curry, at 96. *Page 4 
 {¶ 8} After a defendant challenges the results of a breath alcohol test by way of a pretrial motion to suppress, the City has the burden to show that the test was administered in substantial compliance with the Ohio Department of Health regulations. State v. Burnside,100 Ohio St.3d 152, 2003-Ohio-5372, at ¶ 24; State v. Plummer (1986),22 Ohio St.3d 292, 294. If the City establishes substantial compliance, the burden then shifts to the defendant to demonstrate that he or she was prejudiced by anything less than strict compliance. Burnside.
 {¶ 9} The nature of the City's burden to establish substantial compliance is determined by the degree of specificity with which the defendant challenges the legality of the test. State v. Johnson (2000),137 Ohio App.3d 847, 851; State v. Crothers, Clinton App. No. CA2003-08-020, 2004-Ohio-2299, at ¶ 10. For example, when a defendant's motion to suppress raises only general claims, the burden imposed on the City is general and slight. State v. Embry, Warren App. No. CA2003-11-110, 2004-Ohio-6324, at ¶ 29; Johnson; State v. Mai, Greene App. No. 2005-CA-115, 2006-Ohio-1430, at ¶ 19. The City is only required to present general testimony that there was substantial compliance with the requirements of the regulations; specific evidence is not required unless the defendant raises a specific issue in the motion to suppress. Id.; State v. Bissaillon, Greene App. No. 06-CA-130, 2007-Ohio-2349, at ¶ 12; State v. Crotty, Warren App. No. CA2004-05-051, 2005-Ohio-2923, at ¶ 19.
 {¶ 10} In the present case, appellant generally claimed in her motion to suppress that her breath test "was not conducted in compliance with Ohio Administrative Code Sections 3701-53-02, 3701-53-04, 3701-53-07, and 3701-53-08." She did not raise any specific factual issues of noncompliance in her motion. Thus, the City's burden to *Page 5 
establish substantial compliance with the regulations was slight, and only required the City to generally prove substantial compliance.
 {¶ 11} Appellant now contends that the City failed to prove substantial compliance with the record-keeping requirements of Ohio Adm. Code 3701-53-01(A) and 3701-53-04(E). These administrative code sections require service records and results of breath tests, instrument checks, and calibration checks to be kept for at least three years. Appellant does not allege any specific facts indicating that records were not kept as required by law. Rather, appellant argues that the City failed to prove substantial compliance with these record-keeping provisions solely because the officer responsible for keeping the records was not the only person who had access to the machine in question. Because other people theoretically could have conducted tests and not recorded the results, appellant argues that the City did not meet its burden in generally showing substantial compliance. We disagree.
 {¶ 12} Officer White testified that any person operating the machine had to have an operator's permit. He also stated that the machine in question was kept in a secure police facility in an area protected by a security camera. Most significantly, Officer White stated that he is required to maintain the records reflecting testing and use of the machine and that any test performed on the machine would be recorded in his record book. This testimony is sufficient to satisfy the City's slight burden in demonstrating substantial compliance with the record-keeping requirement. See State v. Cook, Wood App. No. WD-04-029,2006-Ohio-6062, at ¶ 31-33 (statement that police officer maintains log books for machine as required by rules and regulations of the Ohio Department of Health sufficient to show substantial compliance with record-keeping regulations); State v. *Page 6 
 Hernandez-Rodriguez, Portage App. No. 2006-P-0121, 2007-Ohio-5200, at ¶ 52-53 (trooper's general testimony of compliance with record-keeping requirements sufficient to defeat motion to suppress); Crotty at ¶ 22-28 (finding that State satisfied its burden with officer's testimony that machine was in good working order based upon records).[1]
 {¶ 13} Because the City satisfied its slight burden to prove substantial compliance with Ohio Adm. Code sections 3701-53-01(A) and3701-53-04(E), the burden then shifted to appellant to demonstrate prejudice from anything less than strict compliance. Burnside. Appellant concedes she did not attempt to make this showing. From this record, we can discern no prejudice to appellant. Therefore, the trial court did not err in denying appellant's motion to suppress.
 {¶ 14} Accordingly, we overrule appellant's lone assignment of error, and we affirm the judgment of the Franklin County Municipal Court.
Judgment affirmed.
PETREE and SADLER, JJ., concur.
[1] Appellant's hypothetical arguments about unknown, unauthorized people possibly performing tests on the machine and not noting them in the machine's records are mere speculation, and without specific allegations, do not negate the City's general evidence showing substantial compliance with the record-keeping regulations. *Page 1