[Cite as *State v. Neale*, 2014-Ohio-4368.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 2013CA00247 |
| | : | |
| SETH M. NEALE | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:           Appeal from the Massillon Municipal
                                   Court, Case No. 2013-TRC-04829



JUDGMENT:                          AFFIRMED




DATE OF JUDGMENT ENTRY:            September 29, 2014




APPEARANCES:

For Plaintiff-Appellee:                    For Defendant-Appellant:

ANTHONY LAPENNA                            CHASE A. MALLORY
MASSILLON LAW DEPARTMENT                   LUFTMAN, HECK & ASSOC. LLP
2 James Duncan Plaza #1                    580 E. Rich St.
Massillon, OH 44646                        Columbus, OH 43215

*Delaney, J.*

{¶1}  Appellant Seth M. Neale appeals from the September 5, 2013 Entry and Order of the Massillon Municipal Court overruling his motion to suppress.  Appellee is the state of Ohio.

### FACTS AND PROCEDURAL HISTORY

{¶2}  The facts underlying appellant's traffic stop and arrest are not in the record before us but are not necessary to our resolution of this appeal.

{¶3}  On June 19, 2013 at 12:55 a.m. appellant was traffic stopped by Ptl. Daniel Lockwood of the Lawrence Township Police Department and subsequently cited for one count of O.V.I. pursuant to R.C. 4511.19(A)(1)(a) and (A)(1)(d).[1]  The Uniform Traffic Ticket notes a BAC test result of ".141."

{¶4}  Appellant entered a plea of not guilty and the case proceeded to pretrial conference.  Pretrial Orders entered by the trial court on July 16, 2013 note, e.g., "Possible grounds for SUPPRESSION include: probable cause for stop.  Substantial compliance."  The case was scheduled for suppression hearing on August 8, 2013.

{¶5}  On July 24, 2013, appellant filed a blanket motion to suppress citing 25 alleged errors in his stop, arrest, and subsequent chemical testing. Relevant to this appeal, with respect to the breath testing instrument, appellant's memorandum in the motion to suppress states, "Defense counsel has attempted to contact the arresting agency * * * to make arrangements to view the breath test records for the last three (3) years and obtain any relevant operator or senior operator permits.  However, the calls and messages have yet to be returned."  (Motion to Suppress, 10).

---

[1] Appellant was also cited with one count of "failure to dim" pursuant to R.C. 4513.16, a minor misdemeanor, which is not relevant to this appeal.

{¶6} The record indicates part of the suppression hearing was held on August 8 and the trial court found the officer had articulable reasonable suspicion to stop the vehicle and probable cause to arrest appellant. The Entry and Order of the trial court continued the suppression hearing to September 5, 2013, noting "Arresting officers (*sic*) has a senior operator's permit. Continue hearing for calibration issues and senior operators permit issues."

{¶7} On September 5, 2013, the suppression hearing continued with the testimony of Ptl. Lockwood. The trial court noted on the record the hearing had been continued so defense trial counsel "could look at all the calibration issues, the arresting officer could get in here again and * * * continue the hearing for calibration issues and senior operator's permit issues." (T. 3).

{¶8} Ptl. Lockwood testified on direct examination appellant submitted to a BAC Datamaster test administered on a machine located at the Lawrence Township Police Department. Lockwood is authorized by the Ohio Department of Health (ODH) to administer breath tests and is a "senior operator," meaning he can run weekly instrument checks. Appellee's Exhibit 1 is a copy of Lockwood's senior operator's permit effective on the date of the stop and arrest.

{¶9} Lockwood further testified he observed appellant for twenty minutes prior to administering the breath test and did not observe appellant put anything in his mouth. The test was administered within two hours of the traffic stop. Appellant's test result was .141 grams of alcohol per 210 liters of breath.

{¶10} At this point appellee rested and the trial court stated "Now you're going to reserve your right to cross-examine in case [defense counsel] brings in the um pre and post are defective (*sic*)?"  Appellee agreed and defense trial counsel questioned Lockwood.

{¶11} In response to appellant's questions, Lockwood testified he is required to renew his senior operator's permit every year.  The process involves a written test and Lockwood must perform an instrument check under the supervision of someone from ODH.  Lockwood uses the ODH study guide to prepare for the test.  The Lawrence Township machine has been at the Police Department for Lockwood's entire 7½ years there and he is aware it was taken out of service three to five times within the last year.  While the machine was out of service, officers administered breath tests at a neighboring police department.  The machine is serviced by "National Patent" at their facility, to which it is either driven or shipped.  Lockwood once personally drove the Datamaster to National Patent and he is aware of at least two occasions on which it was shipped by UPS.

{¶12} Lockwood stated National Patent owns and makes the Datamaster machines; National Patent calibrates the machines and provides the police department with a certificate the machine has been properly calibrated.  Lockwood testified he did not know what it meant that the machine "will not zero" and was not aware inspection checklists were purportedly missing from the police department's records.

{¶13} At the conclusion of testimony, the following conversation took place:

* * * *.

STATE: I have nothing further your honor.

COURT:  Okay so um let me ask did you find any problem with the pre-calibration (*sic*)?

[DEFENSE COUNSEL]:  The pre-simulation test.

COURT:  Yeah the pre and the post?

[DEFENSE COUNSEL]:  Not with the pre and post tests.

COURT:  Okay so um I'm going to find that the BAC Datamaster result .141 is valid.  Okay so we'll get [defense counsel] a jury trial date, right.

DEFENSE:  Your honor um…

COURT:  Yes…well did you want to add or put your defendant on the stand or…

DEFENSE:  Well I don't but as far as my (inaudible) substantial compliance with the Ohio Department of Health regulations.

COURT:  Well okay do you want to question him on that?

DEFENSE:  That's what I've been doing um what I…

COURT:  But I thought…where's the deviation?  Where's the deviation?

DEFENSE:  The burden is on the State to prove that they complied substantially…

COURT:  Right.

DEFENSE:  …with Ohio Department of Health regulations and for example the Ohio Department of Health inspector was in there on

six different occasions and again this isn't my burden, this is the burden…

COURT: Oh, I know, I know, but I don't know what that checklist…what does that deal with?

DEFENSE: This isn't my burden. The burden…

COURT: Well I don't know what you're trying to challenge.

STATE: I thought everything was done fine. He said something was wrong but there is no proof of that.

DEFENSE: Okay, let me and I'll be précised (*sic*) as possible, number one we'll start…

COURT: Yeah.

DEFENSE: …with the senior operator's permit, okay.

COURT: Uh huh.

DEFENSE: Ohio Department of Health in their administrative code in areas specific in order to renew there's several things that have to be done, a written test, a proficiency exam and then also in order to renew an in-service course shall be done.

COURT: Uh huh.

DEFENSE: That's when he's clear that no in-service course was done or even offered to him, to this particular officer, okay.

COURT: When you mean the in-service, what does that mean? You mean in-service by doing with the machine, right?

* * * *.

{¶14} The discussion thereupon continued between the Court, defense counsel, the prosecutor, and Ptl. Lockwood discussing the meaning of "in-service."

{¶15} Defense counsel further argued he checked the Department's records and the machine had been out of service five times in the last twelve months but the records did not contain certificates of calibration for each removal from service, "so either it wasn't calibrated or was and there (*sic*) not keeping the records."

{¶16} The trial court found the BAC Datamaster result of .141 to be valid.

{¶17} On November 13, 2013, appellant entered a plea of no contest to one count of O.V.I. pursuant to R.C. 4511.19(A)(1)(d) along with the minor misdemeanor traffic offense and the trial court sentenced appellant as a first-time O.V.I. offender.

{¶18} Appellant raises one assignment of error:

**ASSIGNMENT OF ERROR**

{¶19} "I.　THE TRIAL COURT ERRED WHEN IT FOUND THE STATE DEMONSTRATED SUBSTANTIAL COMPLIANCE WITH OHIO ADM. CODE 3701-53-04 AND NOT SUPPRESSING THE BREATH TEST RESULTS."

**ANALYSIS**

{¶20} Appellant argues in his sole assignment of error the trial court should have suppressed the results of the breath test.　We disagree.

{¶21} Appellate review of a trial court's decision to deny a motion to suppress involves a mixed question of law and fact.　*State v. Long*, 127 Ohio App.3d 328, 332, 713 N.E.2d 1 (4th Dist.1998).　During a suppression hearing, the trial court assumes the role of trier of fact and, as such, is in the best position to resolve questions of fact and to evaluate witness credibility.　*State v. Brooks*, 75 Ohio St.3d 148, 154, 661 N.E.2d 1030

(1996). A reviewing court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Medcalf*, 111 Ohio App.3d 142, 145, 675 N.E.2d 1268 (4th Dist.1996). Accepting these facts as true, the appellate court must independently determine as a matter of law, without deference to the trial court's conclusion, whether the trial court's decision meets the applicable legal standard. *State v. Williams*, 86 Ohio App.3d 37, 42, 619 N.E.2d 1141 (4th Dist.1993), overruled on other grounds.

{¶22} There are three methods of challenging a trial court's ruling on a motion to suppress on appeal. First, an appellant may challenge the trial court's finding of fact. In reviewing a challenge of this nature, an appellate court must determine whether the trial court's findings of fact are against the manifest weight of the evidence. See, *State v. Fanning*, 1 Ohio St.3d 19, 437 N.E.2d 583 (1982); *State v. Klein*, 73 Ohio App.3d 486, 597 N.E.2d 1141 (4th Dist.1991). Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See*, Williams*, supra. Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issues raised in a motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry*, 95 Ohio App.3d 93, 96, 620 N.E.2d 906 (8th Dist.1994).

{¶23} In this case, appellant asserts the trial court's finding appellee presented evidence of substantial compliance with Ohio Adm. Code 3701-53-04 is not supported by sufficient evidence. We note, though, in this appeal appellant's specific claim is the

solution used to calibrate the instrument was not kept under refrigeration after its first use in accordance with Ohio Adm. Code 3701-53-04(E). This issue was not raised at the suppression issue despite the trial court expressly asking appellant how Lockwood deviated from the regulations.

{¶24} In *State v. Shindler*, 70 Ohio St.3d 54, 636 N.E.2d 319 (1994), the Supreme Court of Ohio set forth minimum standards which a defendant must comply with when filing a motion to suppress evidence, noting the motion to suppress must state "legal and factual bases with sufficient particularity to place the prosecutor and court on notice of the issues to be decided." Id. at syllabus. The Court reasoned that "[b]y requiring the defendant to state with particularity the legal and factual issues to be resolved, the prosecutor and court are placed on notice of those issues to be heard and decided by the court and, by omission, those issues which are otherwise being waived." Id. at 58, 636 N.E.2d 319; see, also, *Xenia v. Wallace*, 37 Ohio St.3d 216, 218, 524 N.E.2d 889 (1988).

{¶25} Appellant argues appellee "must address challenges set forth in a motion to suppress generally." Appellant's motion to suppress makes no specific claim regarding the issue he raises here. In *State v. Lentz*, 5th Dist. Delaware No. 09CAC070065, 2010-Ohio-762, we reviewed the threshold the State must reach in presenting its evidence:

> The burden to establish substantial compliance, however, only extends to the level with which the defendant takes issue with the legality of the test. [*State v. Johnson*, 137 Ohio App.3d 847, 851, 739 N.E.2d 1249 (2000); *State v. Crothers,* 12th Dist. Clinton No.

CA2003-08-020, 2004-Ohio-2299, at ¶ 10.] When the defendant's motion to suppress merely raises a generalized claim of inadmissibility and identifies the section(s) of the Administrative Code implicated in that claim, the burden on the state is slight. [*State v. Bissaillon,* 2nd Dist. Greene No. 06-CA-130, 2007-Ohio-2349 at ¶ 12; *State v. Williams*, Montgomery App. No. 16554, unreported, 1998 WL 214595 (Apr. 24, 1998); *State v. Embry,* 12th Dist. Warren No. CA2003-11-110, 2004-Ohio-6324, at ¶ 24] (simply reiterating Administrative Code provisions creates a burden on the State to respond only in general to the issues raised). The State is only required to present general testimony that there was substantial compliance with the requirements of the regulations; specific evidence is not required unless the defendant raises a specific issue in the motion to suppress. [Id.*; Bissaillon,* supra, 2007-Ohio-2349 at ¶ 12; *State v. Crotty,* 12th Dist. Warren No. CA2004-05-051, 2005-Ohio-2923, at ¶ 19.]

*State v. Lentz*, 5th Dist. Delaware No. 09CAC070065, 2010-Ohio-762, ¶ 12.

{¶26} As in *Lentz*, appellant's motion to suppress "merely recites a laundry list of shortcomings by citing the applicable Ohio Administrative Code language and section number and alleging noncompliance with each of them." Id.  The sole factual allegation pertinent to the BAC Datamaster is the Lawrence Township Police Department had not cooperated with appellant's efforts to review records.  Counsel acknowledged at the

suppression hearing he visited the department and reviewed the records.  (T. 21, 24-25).

{¶27} The focus of the suppression hearing was Lockwood's senior operator permit and whether the BAC Datamaster was calibrated by National Patent.  The trial court asked appellant what problem he found with the "pre and the post," meaning the weekly instrument checks performed by senior operators in accord with Ohio Adm. Code 3701-53-04.[2]  Appellant stated he found no problem with the pre- and the post- "simulation tests."  On appeal, appellant challenges the instrument checks, citing Ohio Adm. Code 3701-53-04(E), which states:  "A bottle of approved solution containing ethyl alcohol shall not be used more than three months after its date of first use, or after the manufacturer's expiration date on the approved solution certificate, whichever comes first. After first use, a bottle of approved solution shall be kept under refrigeration when not being used. The approved solution bottle shall be retained for reference until that bottle of approved solution is discarded."

{¶28} At the suppression hearing, the trial court asked appellant whether he had any issue with the "pre and the post," in other words, the instrument checks prior to appellant's test and after his breath test, and appellant said no.  Appellant did not raise any issue related to refrigeration of the solution.  Specific evidence is not required unless the defendant raises the specific issue in the motion to suppress.  *Lentz*, supra, 2010-Ohio-762 at 12.  In the motion to suppress, appellant cites the code provision in his checklist stating only generally, "15.  The solution used to calibrate the testing

---

[2] It appears throughout the record there is confusion between the "calibration" of the BAC Datamaster, which is accomplished by National Patent Analytical Systems, Inc., as explained by Lockwood, versus the weekly instrument checks performed on the BAC Datamaster at Lawrence Township Police Department by a senior operator.

instrument was not kept under refrigeration after first use in accordance with OAC 3701-53-04(E)."

{¶29} Appellant's motion to suppress did not allege a problem with refrigeration of the solution. Moreover, this issue was not raised at the suppression hearing on cross examination of the officer or in response to the trial court's direct question regarding which regulations were not complied with. Appellant may not then raise this issue for the first time on appeal. See, *State v. Bing*, 134 Ohio App.3d 444, 449, 731 N.E.2d 266 (1999).

{¶30} The instant case illustrates the position of the Twelfth District Court of Appeals in *State v. Plunkett*, wherein the Court observed:

> A motion to suppress evidence in this kind of case is not designed to be a game of hide and seek to see if the state fails to give testimony on every issue raised in the broad motion. Here, the focus is a search for the truth to ascertain whether the BAC test was administered correctly. Both parties should have the opportunity to develop this issue and unearth the truth so that the trial court may rightly determine whether the suppression motion should be granted.
>
> *State v. Plunkett*, 12th Dist. Warren No. CA2007-01-012, 2008-Ohio-1014, ¶ 23.

{¶31} We are unwilling to find the trial court erred in denying the motion to suppress the BAC Datamaster result when the trial court went to every length to extrapolate appellant's issues with the test, including continuing the hearing and

expressly asking appellant where the officer deviated from the regulations. Ohio Adm. Code 3701-53-04 was not raised. We are unwilling now to reverse the trial court's decision on the basis of an argument not raised before the trial court.

{¶32} While it may have been better practice for appellee to enter the BAC Datamaster checklist as a summary response to appellant's summary motion, appellee addressed the specific issues posed by appellant at the hearing. When asked by the trial court where appellee's evidence failed, appellant did not develop any issue relating to the refrigeration of the solution. The doctrine of invited error estops an appellant, in either a civil or criminal case, from attacking a judgment for errors the appellant induced the court to commit. Under the doctrine of "invited error," it is well settled that "a party will not be permitted to take advantage of an error which she herself invited or induced the trial court to make." *State v. Naugle*, 182 Ohio App.3d 593, 598, 2009-Ohio-3268, 913 N.E.2d 1052, (5th Dist.) ¶ 11, citing *State ex rel. Smith v. O'Connor*, 71 Ohio St.3d 660, 663, 646 N.E.2d 1115 (1995). As the Supreme Court of Ohio has stated:

> The law imposes upon every litigant the duty of vigilance in the trial of a case, and even where the trial court commits an error to his prejudice, he is required then and there to challenge the attention of the court to that error, by excepting thereto, and upon failure of the court to correct the same to cause his exceptions to be noted. It follows, therefore, that, for much graver reasons, a litigant cannot be permitted, either intentionally or unintentionally, to induce or mislead a court into the commission of an error and then procure a

reversal of the judgment for an error for which he was actively responsible.

*State v. Kollar*, 93 Ohio St. 89, 91, 112 N.E. 196 (1915).

{¶33} There is no evidence in the record suggesting the officer did not comply with Ohio Adm. Code 3701-53-04. For the foregoing reasons, the trial court's finding regarding the BAC Datamaster result is therefore affirmed and the sole assignment of error is overruled.

## CONCLUSION

{¶34} Appellant's sole assignment of error is overruled and the judgment of the Massillon Municipal Court is affirmed.

By: Delaney, J. and

Gwin, P.J.

Farmer, J., concur.