[Cite as *State v. Young*, 2016-Ohio-621.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 2015CA0005 |
| | : | |
| TRAVIS D. YOUNG | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Coshocton County
                            Municipal Court, Case No. TRC
                            1400995


JUDGMENT:                   AFFIRMED


DATE OF JUDGMENT ENTRY:     February 17. 2016


APPEARANCES:

For Plaintiff-Appellee:                For Defendant-Appellant:

ROBERT A. SKELTON                      TOD A. BRININGER
COSHOCTON LAW DIRECTOR                 1801 Watermark Dr., Ste. 350
309 Main St.                           Columbus, OH 43215
Coshocton, OH 43812
                                       SARAH M. SCHREGARDUS
                                       492 City Park Ave.
                                       Columbus, OH 43215

*Delaney, J.*

{¶1} Appellant Travis D. Young appeals from the May 8, 2015 Judgement Entry of the Coshocton Municipal Court and the court's underlying decision of February 11, 2015 overruling his motion to suppress. Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2} The following evidence is adduced from the suppression hearing before the trial court on December 19, 2014.

*Tangie Patterson Observes Appellant*

{¶3} This case arose on August 10, 2014 when Tangie Patterson drove from Millersburg, Ohio to Layland, Ohio. Patterson came around a sharp curve and observed appellant sitting on the edge of a seat of a motorcycle, rather than astride it, in the gravel area at the side of the road. Appellant wore jeans, a bandanna, and no shirt; he was smoking a cigarette. As Patterson observed him, appellant kept falling forward off the motorcycle, as though he could not stand up.

{¶4} Patterson proceeded to her home nearby, picked up her husband, and returned to where she saw appellant. Appellant was now astride the motorcycle, but could not hold it up; the motorcycle kept falling to either side. Patterson's husband asked appellant if he needed help and appellant said no. Patterson noticed appellant's pants were partly falling down. Patterson and her husband drove a short distance down the road to turn around and by the time they had done so, appellant was gone.

{¶5} Patterson went home, did some chores, and spoke to her neighbors. About 25 minutes later, she heard sirens and suspected appellant was involved in a crash due to his apparent intoxication and the sharp curves in the road. Patterson jumped in her

truck and drove to the crash site, less than a mile from where she had first spotted appellant; she observed appellant and the motorcycle on the ground in a ditch.

*Christopher Moffatt Sees Appellant "Wipe Out"*

{¶6} Meanwhile, after Patterson had left appellant near the roadside smoking a cigarette, Christopher Moffatt and his wife observed a man on a motorcycle approaching a stop sign at a T-shaped intersection. Before the motorcycle reached the stop sign, the operator lost control and the vehicle went off the side of the road, "wiping out" and sliding 20-25 feet before coming to rest in a ditch with the operator pinned underneath.

{¶7} Moffatt stopped to help appellant and lifted the motorcycle off of him. He noticed appellant's pants were hanging off, he had no shirt on, and wore a bandanna. Moffatt, a former police officer, also noticed appellant smelled strongly of an alcoholic beverage and had slurred speech and bloodshot eyes. Moffatt told his wife to call 911.

*Investigation*

{¶8} Deputy Chris Walters was dispatched to the crash on County Road 19, Layland. He saw appellant and the motorcycle in the ditch and observed apparent injury to appellant. Walters spoke to appellant to check that he was awake and alert. Patterson approached Walters and told him she thought appellant was drunk. Walters noted the odor of an alcoholic beverage and observed a "busted" Jack Daniels bottle near the motorcycle. Appellant provided yes and no answers to Walters' questions and could not recall his own date of birth. Walters did not request field sobriety tests because appellant had to remain immobilized until the E.M.S. squad arrived.

{¶9} Appellant was transported by ambulance to Coshocton Hospital and Walters arranged for Don Stroup, a lab technician, to meet him at the hospital to perform

a blood draw. Walters read the B.M.V. 2255 form to appellant and was present when Stroup drew his blood sample at 1:05 p.m.

{¶10} Appellant's family arrived at the hospital and in Walters' presence, a sister told appellant he needed to go to "rehab."

{¶11} Walters cited the following reasons why he suspected appellant was operating his motorcycle under the influence of alcohol: the odor of an alcoholic beverage, the statement of Tangie Patterson that she believed appellant was drunk, the statement of appellant's sister that he needed rehab, the manner of the crash itself, and the broken Jack Daniels bottle at the scene.

{¶12} Appellant's blood test result yielded a concentration of .0276 of one per cent or more by weight per unit volume of alcohol in his whole blood.

{¶13} Appellant was initially cited by Uniform Traffic Ticket (U.T.T.) with one count of O.V.I. pursuant to R.C. 4511.19(A)(1)(a) ["under the influence" violation]; one count of failure to control pursuant to R.C. 4511.202; and one count of failure to wear a helmet pursuant to R.C. 4511.53(B). Appellant entered pleas of not guilty. A second U.T.T. was filed on September 2, 2014 citing appellant with one count of O.V.I. pursuant to R.C. 4511.19(A)(1)(f) [high-test per se violation]. Appellant entered a written plea of not guilty to this offense.

{¶14} Appellant filed a motion to suppress his blood test results because "[l]aw enforcement authorities failed to administer this test in compliance with the requirements of R.C. 4511.19, 4511.191, and Chapter 3701-53 of the Ohio Administrative Code, thereby depriving [appellant] of due process of law as guaranteed by the federal and state

constitutions." Appellant also filed a second motion to suppress asserting Walters lacked probable cause to arrest appellant for O.V.I.

{¶15} The matter proceeded to suppression hearing on December 19, 2014. At the conclusion of the hearing, the trial court entered a Judgment Entry stating in pertinent part, "At the completion of the hearing it is the order of this Court that the defendant is to file a brief supplementing his argument as to the three hour time frame on or before January 7, 2015. The State is granted until January 14, 2015 to file its response."

{¶16} Appellant filed a Supplemental Motion on January 7, 2015 noting the B.M.V. 2255 was not read to appellant "within 2 hours of the operation of the vehicle" and thus appellant's consent to the blood test was not voluntary. Appellee responded that the blood test result was admissible if obtained within three hours of operation (which is the case here) and that the 2-hour time frame to read the B.M.V. 2255 is only relevant to an administrative license suspension, not the admissibility of the blood test. Moreover, appellee argued, the blood test is still admissible with expert testimony.

{¶17} On February 11, 2015, the trial court overruled the motion to suppress by written Judgment Entry, finding, e.g., Walters had probable cause to cite appellant for O.V.I. and to request a blood sample; appellant made no statements subject to *Miranda*; and the blood test was taken within three hours of operation of the vehicle. The trial court also found the B.M.V. 2255 was not read to appellant within two hours, but that fact was relevant to validity of the administrative license suspension and irrelevant to admissibility of the blood test result.

{¶18} On May 8, 2015, appellee moved to dismiss the counts of failure to control, no helmet, and "O.V.I. high test" in exchange for appellant's plea of no contest to "O.V.I."

The trial court granted the motion, accepted appellant's plea of no contest to one count of O.V.I., and sentenced appellant as a first-time O.V.I. offender. The 180-day jail term was suspended on the condition that, e.g., appellant attend a 72-hour driver intervention program.

{¶19} Appellant now appeals from the judgment entry of conviction and sentence, and the underlying judgment entry overruling his motion to suppress.

{¶20} Appellant raises two assignments of error:

**ASSIGNMENTS OF ERROR**

{¶21} "I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO FIND THAT THE APPELLANT WAS NOT ARRESTED FOR OVI AS REQUIRED PRIOR TO REQUESTING A CHEMICAL TEST UNDER O.R.C. 4511.191. FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION."

{¶22} "II. WHERE, IN AN OVI PROSECUTION UNDER O.R.C. 4511.19, THE TRIAL COURT FOUND THAT THE DEPUTY FAILED TO READ THE BMV 2255 TO THE APPELLANT WITHIN TWO HOURS OF THE ALLEGED VIOLATION, THE TRIAL COURT ERRED IN NOT SUPPRESSING THE BLOOD TEST RESULTS. O.R.C. 4511.192(A), FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION."

**ANALYSIS**

**I., II.**

{¶23} Appellant's two assignments of error are related and will be considered together.  Appellant asserts the trial court should have granted his motion to suppress because he was not "arrested" for purposes of R.C. 4511.191 and the officer allegedly failed to read the 2255 within two hours.  We disagree with both arguments.

{¶24} Appellate review of a trial court's decision to deny a motion to suppress involves a mixed question of law and fact.  *State v. Long*, 127 Ohio App.3d 328, 332, 713 N.E.2d 1 (4th Dist.1998).  During a suppression hearing, the trial court assumes the role of trier of fact and, as such, is in the best position to resolve questions of fact and to evaluate witness credibility.  *State v. Brooks*, 75 Ohio St.3d 148, 154, 661 N.E.2d 1030 (1996).  A reviewing court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence.  *State v. Medcalf*, 111 Ohio App.3d 142, 145, 675 N.E.2d 1268 (4th Dist.1996).  Accepting these facts as true, the appellate court must independently determine as a matter of law, without deference to the trial court's conclusion, whether the trial court's decision meets the applicable legal standard.  *State v. Williams*, 86 Ohio App.3d 37, 42, 619 N.E.2d 1141 (4th Dist.1993), overruled on other grounds.

{¶25} There are three methods of challenging a trial court's ruling on a motion to suppress on appeal.  First, an appellant may challenge the trial court's finding of fact.  In reviewing a challenge of this nature, an appellate court must determine whether the trial court's findings of fact are against the manifest weight of the evidence.  See, *State v. Fanning*, 1 Ohio St.3d 19, 437 N.E.2d 583 (1982); *State v. Klein*, 73 Ohio App.3d 486,

597 N.E.2d 1141 (4th Dist.1991). Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See, *Williams*, supra. Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issues raised in a motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry*, 95 Ohio App.3d 93, 96,620 N.E.2d 906 (8th Dist.1994).

{¶26} In his first assignment of error, appellant argues he was not "arrested" for O.V.I. within the meaning of R.C. 4511.191 when his blood was drawn at the hospital. As appellee points out, this argument was not raised at the trial level. At the conclusion of the suppression hearing, when given the opportunity to state the specific grounds for suppressing any of the evidence, appellant articulated 1) the B.M.V. 2255 form was not read to him within 2 hours, and 2) the phlebotomist who drew his blood was not properly qualified. The trial court permitted the parties to file supplemental memoranda addressing a single specific issue: the parameters of admissibility of the blood test if the B.M.V. 2255 was read outside the 2-hour time limit.

{¶27} In his Supplemental Motion, filed January 7, 2015, appellant acknowledges the issue is whether the 2-hour 2255 requirement affects the admissibility of the blood test, then argues the delayed reading of the B.M.V. 2255 obviated his consent to the blood draw. Appellant cites our decision in *State v. Whitt* for the proposition that a defendant's consent to a blood draw is not voluntary and is coerced where the 2255 is "inapplicable." 5th Dist. Licking No. 10-CA-3, 2010-Ohio-3761. *Whitt's* holding, however,

is based upon the trial court's finding the defendant was never "arrested," and arrest is a necessary precondition for seizure of a bodily substance and must precede an implied consent given based upon the B.M.V 2255. Id. at ¶ 19, citing *State v. Rice*, 129 Ohio St.3d 91, 717 N.E.2d 351 (7th Dist.1998).

{¶28} On appeal, appellant now argues he was not "arrested." We reject this assignment of error on two bases. First, this argument was not raised before the trial court. Appellant may not then raise this issue for the first time on appeal. *State v. Neale*, 5th Dist. Stark No. 2013CA00247, 2014-Ohio-4368, ¶ 29, citing *State v. Bing,* 134 Ohio App.3d 444, 449, 731 N.E.2d 266 (1999).

{¶29} Second, appellant's argument fails on substantive grounds. Walters testified he read the 2255 form to appellant at the hospital and the form advises the subject he is under arrest. (T. 30-31.) The instant case is factually similar to *State v. Lawrence*, in which an injured driver was taken to the hospital where the 2255 was read. 5th Dist. Delaware No. 15 CAA 01 0010, 2015-Ohio-3906, ¶ 12. We found the language of the BMV 2255 form, coupled with the "intent to arrest" and "constructive seizure" of appellant, to be sufficient to meet the requirements of being "under arrest" for purposes of the implied consent statute. *State v. Lawrence*, 5th Dist. Delaware No. 15 CAA 01 0010, 2015-Ohio-3906, ¶ 17, citing *State v. Hollis,* 5th Dist. Richland No. 12CA34, 2013–Ohio–2586; see also, *State v. May,* 5th Dist. Morrow No.2010 CA 1, 2010–Ohio–4594, ¶ 22. Appellant's argument he was never effectually "arrested" is therefore without merit.

{¶30} In his second assignment of error, appellant argues the trial court should have suppressed the blood test result because the B.M.V. 2255 was not read within two hours of operation of the vehicle, although he cites no authority establishing why this is

relevant to the test's admissibility. Appellant asserts appeals from his conviction upon the high-test per se violation, but we note he entered a plea of no contest to the driving under the influence charge of 4511.19(A)(1)(a). The "high-test per se" count was dismissed.

{¶31} We have previously rejected appellant's arguments that have no effect upon a conviction pursuant to R.C. 4511.19(A)(1)(a). Appellant's argument here and in his motion to suppress is predicated upon his rights to due process pursuant to the Fifth and Fourteenth Amendments to the United States Constitution and Section 16, Article I of the Ohio Constitution. As noted by the trial court in its judgment order filed March 27, 2015, appellant did not enter a no contest plea to R .C. 4511.191(A)(1)(f), but to R.C. 4511.191(A)(1)(a), the non-per se statute.

{¶32} The trial court's ruling in denying the motion to suppress thus had no bearing on appellant's conviction under R.C. 4511.191(A)(1)(a).

{¶33} Our prior decisions held that by virtue of the two-issue rule, a decision which is supported by one or more alternate grounds properly submitted is invulnerable to attack on one issue only:

> This rule as generally applied is that, where there are two causes of action, or two defenses, thereby raising separate and distinct issues, and a general verdict has been returned, and the mental processes of the jury have not been tested by special interrogatories to indicate which of the issues was resolved in favor of the successful party, it will be presumed that all issues were so determined; and that, where a single determinative issue has been

tried free from error, error in presenting another issue will be disregarded.

*State v. Cooley*, 5th Dist. Ashland No. 15-COA-012, 2015-Ohio-3904, ¶ 10, citing *H.E. Culbertson Co. v. Warden,* 123 Ohio St. 297, 303 (1931).

{¶34} Any opinion on the arguments herein would be solely advisory and we have made clear our reluctance to engage in the issuance of advisory opinions. Id., 2015-Ohio-3904 at ¶ 11, citing *State v. Brown,* 5th Dist. Stark No.1999CA00188, 2000 WL 94084 (Jan. 24, 2000).

{¶35} The trial court properly overruled appellant's motion to suppress and his two assignments of error are overruled.

**CONCLUSION**

{¶36} Appellant's two assignments of error are overruled and the judgment of the Coshocton Municipal Court is affirmed.

By: Delaney, J. and

Gwin, P.J.

Baldwin, J., concur.